IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

IN RE:                                          )
                                                )
DEAN ROSS MARTIN and                            )    Case No. 05-63445
RAYLEEN ANN MARTIN,                             )
                                                )
        Debtors.                                )
_____

JENNIE L. CRAIN,                                )
                                                )
        Plaintiff,                              )
                                                )
vs.                                             )    Adv. No. 06-6020
                                                )
DEAN ROSS MARTIN,                               )
                                                )
        Defendants.                             )

ORDER DENYING PLAINTIFF'S REQUEST
TO PROCEED IN FORMA PAUPERIS

Plaintiff Jennie L. Crain filed a Complaint objecting to the discharge of a debt that Debtor Dean Ross Martin owes to her, alleging that the debt is the result of his fraudulent actions in connection with a contract to build a house for her. In her Complaint, Crain states that she cannot afford an attorney to pursue the matter on her behalf, nor can she pay the required filing fee. She states she therefore submits her objection to discharge *pro se* and requests the Court to "give it full consideration and provide a just resolve."

On February 2, 2006, I entered an Order in which I interpreted this request as a request to waive the filing fee for the adversary action and to proceed *in forma pauperis*. In that Order, I noted that there is a split of authority as to whether bankruptcy courts can waive fees in adversary proceedings. However, I concluded I did not need not reach that issue

because Crain had not complied with the technical requirements for proceeding *in forma pauperis* in this district. Under the Local Rules for the District Court for the District of Missouri, the individual must file with the complaint an affidavit requesting to proceed *in forma pauperis*.[1] The affidavit must either be in the form provided by the Court or contain the same information called for by the Court-approved form.[2] Based on the information contained in the affidavit, the Court then determines, among other things, whether the request to proceed *in forma pauperis* should be granted.[3] Crain was granted until February 27, 2006 to file the affidavit or the case would be dismissed.

On February 27, 2006, Crain filed an Application for Leave to File Action without Payment of Fees, Costs, or Security, with Affidavit of Financial Status in Support in compliance with the local rule and this Court's Order.

The authority to proceed *in forma pauperis* is found in 28 U.S.C. § 1915(a). That statute provides, in relevant part:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.[4]

---

[1] Local Rule 83.7(a).

[2] *Id.*

[3] *Id.*

[4] 28 U.S.C. § 1915(a).

In *United States v. Kras*,[5] the United States Supreme Court held that 28 U.S.C. § 1915(a) did not permit waiver of the fees required for filing a bankruptcy petition, observing that there is no constitutional right to obtain a discharge of one's debts in bankruptcy.[6] Under the Bankruptcy Reform Act of 1978, enacted after the *Kras* decision, Congress separated the filing fees required in bankruptcy cases by adding section 1930 to Title 28 of the United States Code.[7] As relevant here, section 1930(a) provides that, "[n]otwithstanding section 1915 of this title," a party commencing a bankruptcy case under Chapter 7 or 13 shall pay a filing fee of $155, plus a quarterly fee to the United States Trustee.[8] An individual commencing a voluntary case may pay such filing fee in installments.[9]

In addition, under section 1930(b), "[t]he Judicial Conference of the United States may prescribe additional fees in cases under title 11 of the same kind as the Judicial Conference prescribes under section 1914(b) of this title."[10] It is under section 1930(b) that the Judicial Conference prescribes the fee for filing an adversary action in a bankruptcy

---

[5] 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973).

[6] 409 U.S. at 446, 93 S.Ct. at 639.  See also *Benoit v. Lassina (In re Lassina)*, 261 B.R. 614, 616 (Bankr. E.D. Pa. 2001).

[7] *See In re Lassina*, 261 B.R. at 616.

[8] 28 U.S.C. § 1930(a)(1) and (6).

[9] 28 U.S.C. § 1930(a).

[10] 28 U.S.C. § 1930(b).

case.[11]

Although there is a split of authority on the issue, the majority of courts have found that while the language contained in § 1930 does not permit waiver of fees prescribed under section 1930(a) (such as the filing fee required for *commencing* a bankruptcy case), it does permit waiver of the fees set by the Judicial Conference under section 1930(b) because the "notwithstanding section 1915(a)" language only applies to the fees contained in section 1930(a).[12] In other words, because section 1930(b) does not make section 1915 inapplicable to that subsection, the section 1930(b) fees may be waived by bankruptcy courts as "courts of the United States" under section 1915(a).

28 U.S.C. § 451 defines "court of the United States" as follows:

As used in this title:

The term "court of the United States" includes the Supreme Court of the United States, courts of appeals, district courts constituted by chapter 5 of this title, including the Court of International Trade and any court created by Act

---

[11] *Appendix to 28 U.S.C. § 1930 Bankruptcy Court Miscellaneous Fee Schedule,* issued in accordance with 28 U.S.C. § 1930(b), at ¶ 6. The current filing fee for adversary actions is $250.

[12] *See In re Heghmann*, 324 B.R. 415 (B.A.P. 1st Cir. 2005); *In re Lassina*, 261 B.R. at 616; *In re Stansbury*, 226 B.R. 360 (Bankr. E.D. Pa. 1998); *In re Shumate*, 91 B.R. 23 (Bankr. W.D. Va. 1998) (holding bankruptcy courts have authority to waive fees under § 1915); *In re Merritt*, 186 B.R. 924, 930 n. 10 (Bankr. S.D. Ill. 1995); *In re Melendez*, 153 B.R. 386 (Bankr. D. Conn. 1993) (holding that bankruptcy courts have the authority to waive fees under § 1915); *Burrell v. Letterlough (In re Burrell)*, 150 B.R. 369, 373 (Bankr. E.D. Va. 1992) (finding that appeal fees and costs are not explicitly excepted from waiver under the IFP statute); *Weakland v. Avco Fin. Servs., Inc. (In re Weakland)*, 4 B.R. 114, 115 (Bankr. D. Del. 1980) (concluding that debtors can proceed IFP in adversary action to avoid lien); *In re Palestino*, 4 B.R. 721 (Bankr. M.D. Fla. 1980) (holding that bankruptcy courts have authority to waive adversary filing fees under § 1915).

of Congress the judges of which are entitled to hold office during good behavior.[13]

Although some courts have concluded that bankruptcy courts lack authority to waive fees under section 1915(a) because bankruptcy courts are not listed as "courts of the United States,"[14] I agree with the courts that have held otherwise.[15]

By enacting 28 U.S.C. § 151 as part of the 1984 amendments to the Bankruptcy Code, Congress has established that bankruptcy judges now "constitute a unit of the district court to be known as the bankruptcy court for that district."[16] This section establishes each bankruptcy court as a unit of the Federal district court. "Each bankruptcy judge, as a judicial officer of the district court, may exercise the authority conferred under this chapter with respect to any action, suit, or proceeding . . . except as otherwise provided by law or by rule

---

[13] 28 U.S.C. § 451.

[14] *See Jones v. Bank of Santa Fe (In re Courtesy Inns, Ltd.)*, 40 F.3d 1084 (10th Cir. 1994) (holding bankruptcy courts are not "courts of the United States"); *In re Parroton*, 958 F.2d 889 (9th Cir. 1992) (concluding that a bankruptcy court is not a "court of the United States" and therefore lacks authority to waive fees under § 1915(a)); *In re Becker's Motor Transp., Inc.*, 632 F.2d 242 (3d Cir. 1980), *cert. denied*, 450 U.S. 916, 101 S.Ct. 1358, 67 L.Ed.2d 341 (1981).

[15] *See In re TCI, Ltd.*, 769 F.2d 441 (7th Cir. 1985) (holding that bankruptcy courts are "courts of the United States"); *In re Heghmann*, 324 B.R. at 418 n. 6 (assuming that bankruptcy courts can apply § 1915 and concluding that debtors filing new cases must pay filing fees while other parties, more incidentally involved in bankruptcy proceedings, may be able to proceed IFP); *In re Lassina*, 261 B.R. at 617 (holding that § 1930(b) fees may be waived by bankruptcy courts); *In re Burrell*, 150 B.R. at 373 (finding that appeal fees and costs are not explicitly excepted from waiver under the IFP statute); *In re Weakland)*, 4 B.R. at 115 (concluding that debtors can proceed IFP in adversary action to avoid lien).

[16] 28 U.S.C. § 151; *In re Lassina*, 261 B.R. at 617.

or order of the district court."[17] Thus, a bankruptcy court, acting as a unit of the district court, has the authority to waive § 1930(b) fees as a "court of the United States."[18]

Moreover, many courts have recognized that there is an additional, constitutional policy reason for this result:

> [A] contrary finding would be an unconstitutional deprivation of due process as well as a denial of equal protection of the laws. In this instance, if the plaintiff is not permitted to proceed with her complaint in this court, she will be unable to protect her property interest in any forum, since the automatic stay provisions of the Code prohibit her from taking any action against the debtor or its property during the pendency of the bankruptcy.[19]

Similarly, in this case, Crain seeks a determination that the debt owed to her by the Debtor is nondischargeable. She has no other forum in which to seek a remedy, since the automatic stay is in place and the debt will be discharged unless it is determined to be nondischargeable by this Court.

Thus, having determined that this Court has the authority to waive § 1930(b) fees, I turn to the question of whether the adversary proceeding filing fee should be waived in this case. 28 U.S.C. § 1915 provides that an application to proceed IFP is granted or denied at the discretion of the court. "However, the court's discretion is limited to determinations of

---

[17] 28 U.S.C. § 151.

[18] *In re Lassina*, 261 B.R. at 617. *See also Volpert v. Ellis (In re Volpert)*, 177 B.R. 81, 87 (Bankr. N.D. Ill. 1995) (rejecting the decisions in *Courtesy Inns, Ltd.* and *Perroton*, and stating that the question is not really whether bankruptcy courts are "courts of the United States"; rather, under present law, "bankruptcy courts" no longer exist as separate entities, but have been subsumed as units of each district court; bankruptcy judges are, by statute, judicial officers of the district court to which matters within their jurisdiction may be delegated).

[19] *In re Lassina*, 261 B.R. at 617.

poverty and objective good faith."[20]  The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence under the totality of circumstances.[21]  The District Court for this district follows a two-step process in considering whether the applicant should be permitted to proceed *in forma pauperis*.  First, the Court must determine whether the applicant qualifies by economic status.  Second, the Court must determine whether under § 1915(e) the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.[22]

> The district court must exercise its sound discretion in determining whether an applicant is sufficiently impoverished to qualify under §1915(e)(1).  Such showing of poverty is sufficient if the applicant would become completely destitute or be forced to give up the basic necessities of life if required to pay the costs of the lawsuit.[23]

As directed by this Court's February 2, 2006, Order, Crain filed her Application along with an Affidavit of Financial Status.  According to Crain's Affidavit, she earns net income of $2,324 per month.  Her employer provides health insurance for herself and her eighteen year old daughter whom she supports.  She receives $175 per month in child support for the daughter.  Her monthly rental on a house or apartment will be approximately $600-700 per

---

[20] *In re Heghmann*, 324 B.R. at 420 (citing *Kinney v. Plymouth Rock Squab Co.*), 236 U.S. 43, 46, 35 S.Ct. 236, 59 L.Ed. 457 (1915).

[21] *In re Lassina*, 261 B.R. at 618.

[22] *Andrews v. Nicholson*, 2005 WL 2403449 at *1 (W.D. Mo. Sept. 28, 2005); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[23] *Id.* (citations omitted).  *See also* Local Rule 83.7(a)3.

month after she is evicted from her current house later this month. She also lists the following monthly expenses: $650 for groceries; $110 for gas; $40 for electric; $20 for water; $400 for gasoline; $250 per month for auto/life/renters insurance; $75 for clothing; $100 for prescriptions and contact lenses; $20 for dry cleaning and laundry; $200 for miscellaneous school expenses and recreation; and $235 for telephone, satellite, internet, garbage, and cell phone. She also tithes $100 per month. According to the information in her Affidavit, her total expenses exceed her monthly net income by about $300 per month.

With regard to property, she states has two vehicles, a 2002 Chevrolet Blazer valued at $7,000, which is free of encumbrances, and a 1995 Saturn she values at $2,500, with $2,000 owed against it. She says she has approximately $200 "cash on hand."

I also take judicial notice of the schedules filed in Crain's own bankruptcy case, which was filed on October 12, 2005,[24] in which she says she has furniture worth $7,524, and jewelry worth $4,875. She also says in her bankruptcy schedules that her net monthly income is $3,131.24, which is significantly higher than that disclosed on her Affidavit, and leaves her with disposable income over her monthly expenses.

Based on the foregoing, I find that Crain does not meet the economic requirements for IFP status because she would not become completely destitute or be forced to give up the basic necessities of life if required to pay the costs of the adversary proceeding, particularly considering she pays for cell phones, satellite, internet, and recreation, and has an

---

[24] Case No. 05-31876.

unencumbered vehicle worth $7,000, furniture, jewelry, and $200 "cash on hand."[25] The "cash on hand" alone is nearly enough to pay the $250 adversary filing fee. Nevertheless, I will permit Crain to pay the adversary filing fee in two installments.

ACCORDINGLY, Crain's Application for Leave to File Action without Payment of Fees, Costs or Security is DENIED. In the event Crain does not pay one half of the filing fee ($125) on or before March 27, 2006, and the second half ($125) on or before April 24, 2006, this adversary proceeding will be dismissed without further notice.

IT IS SO ORDERED.

/s/ Arthur B. Federman
Bankruptcy Judge

Date: March 17, 2006

COURT TO SERVE PARTIES NOT RECEIVING ELECTRONIC NOTICE

---

[25] *Accord Andrews v. Nicholson*, 2005 WL 2403449 at *1 (denying IFP status to plaintiff in similar circumstances). *Cf. Lordock v. City of Springfield*, 2005 WL 1345287 (W.D. Mo. June 3, 2005) (permitting IFP status for plaintiff who was homeless, unemployed, and received food stamps and social security disability payments).